UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**LEVI L. JONES**
**MATHA J. JONES,**

Debtors.

Case No. **19-60110-13**

## MEMORANDUM OF DECISION

At Butte in said District this 13th day of November, 2019.

In this Chapter 13[1] case, on August 29, 2019, the Court held a hearing on Levi and Martha Jones' ("Debtors") Objection to amended Proof of Claim No. 8 filed by the Internal Revenue Service ("IRS") ("Objection") and the Response filed by the IRS.[2] Appearances were made on the record. The parties stipulated to the admission of the following exhibits: IRS' Amended Proof of Claim; Debtors' 2017 Tax Return; and, Debtors' 2018 Tax Return. No testimony was offered. Counsel for Debtors and the IRS requested permission to file supplemental briefs. The request was granted and the Court invited the parties to submit a set of stipulated facts consistent with their statements on the record. A statement of stipulated facts, along with additional briefs were submitted by the parties following the hearing.

The Court has reviewed the Statement of Stipulated Facts,[3] Objection, Response, and the Supplemental Briefs filed by Debtors and the IRS.[4] Based on the record developed before the

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.
[2] ECF Nos. 31 and 33, respectively.
[3] ECF No. 44.
[4] ECF No. 45 and ECF No. 46, respectively.

1

Court, the following constitute the Court's findings of fact and conclusions of law to the extent required by Rules 7052 and 9014.

## I. BACKGROUND

The facts are not disputed. Debtors filed their petition for relief on February 16, 2019.[5] The IRS timely filed a proof of claim, and later amended it ("Amended Claim").[6] The Amended Claim is $2,105.68. It is unsecured. Of the total amount, the IRS asserts that $1,995.18 is entitled to priority, and the remaining $110.50 is characterized as a general unsecured claim. The "priority" portion of the Amended Claim has two components: $1,018.18 attributable to income tax; and, $977 attributable to excise tax. Debtors objected to the Claim, arguing that the $977 attributed to excise taxes was not entitled to priority status.[7] The objection is limited to whether the $977 is entitled to priority status. The remainder of the priority claim is for income taxes and interest accrued thereon and is not disputed.

Line 61 on Debtors' 2017 and 2018 Form 1040 U.S. Individual Tax Return indicates "Health care: individual responsibility." Lines 57-63 of Form 1040 correspond to "Other Taxes" according to the form itself. Debtors' completed the form by typing in $917 in 2017, and $60 in 2018. The parties agree that the $977 is related to the Debtors' failure to pay the Shared Responsibility Payment ("SRP"), required under 26 U.S.C. § 5000A.[8] Debtors contend that the SRP is not entitled to priority treatment under § 507(a)(8)(E) of the Bankruptcy Code because it is not an "excise tax."[9] Even though 26 U.S.C. §5000A describes the SRP as a "penalty," the IRS argues that it functions as an excise tax, and is entitled to priority treatment under §

---

[5] ECF No. 31.
[6] *See* Claim 8-2.
[7] ECF No. 31.
[8] ECF Nos. 31 and 33, respectively.
[9] ECF No. 31.

507(a)(8)(E).[10]

## II.  ISSUES

Debtor's Objection, the Response filed by the IRS, and supplemental briefing filed by both parties raise the following issue: (i) Does the penalty (imposed for a debtor's failure to pay the SRP) under 26 U.S.C. § 5000A constitute an excise tax on a transaction, for the purposes of claim priority under 11 U.S.C. § 507(a)(8)(E)?

## III.  ANALYSIS

A properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. Rule 3001(f). Where an objection to the claim is filed, the objector must rebut the presumption of validity, and the claimant must sustain the ultimate burden of proof. *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991). Here, Debtors objected to the IRS' priority claim and asserted that it was not an "excise tax…on a transaction" as required under § 507(a)(8)(E). Thus, the IRS bears the ultimate burden of proof to establish the validity of its priority claim.

### A. Applicable Statutes

26 U.S.C. § 5000A(a) requires individuals to maintain minimum essential health care coverage "each month after 2013." If an individual fails to maintain the minimum essential coverage, "a penalty with respect to such failures" is imposed. This "penalty," called the "Shared Responsibility Payment," is imposed on the individual and "included with a taxpayer's return…for the taxable year which includes such month." § 5000A(b)(1) and (2).

"Allowed unsecured claims of governmental units" receive priority status under the Bankruptcy Code if such claims are specified in § 507(a)(8), or one of its subsections. § 507(a)(8). Under §§ 507(a)(8)(E)(i) and (ii), a claim based on an excise tax may be entitled to

---

[10] ECF No. 33.

19-60110-BPH Doc#: 56 Filed: 11/13/19 Entered: 11/13/19 11:07:01 Page 4 of 10

priority. Specifically, a claim will be entitled to priority if it is attributable to "an excise tax on…a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of filing the petition," or "if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition." §§ 507(a)(8)(E)(i) and (ii). Whether an unsecured claim is entitled to priority is important in Chapter 13 because the Chapter 13 plan generally must "provide for the full payment…of all claims entitled to priority status under section 507." § 1322(a)(2).

### B. The SRP Qualifies as an Excise Tax Under the *Lorber* Test.

To determine whether a particular monetary obligation is a "tax" for bankruptcy purposes, a court must look behind the label of the obligation and "res[t] its answer directly on the operation of the provision." *U.S. v. Reorganized CF & I Fabricators of Utah*, 518 U.S. 213, 214 (1996). In other words, a monetary obligation cannot avoid treatment as a tax simply because Congress uses the word "penalty" rather than "tax" to describe it. *Nat'l Fed'n of Indep. Bus., et al. v. Sebelius*, 567 U.S. 519, 569 (2012). The term "excise" and "excise tax" are not defined in the Bankruptcy Code, so the Court must determine whether a claimed excise tax asserted by the government is indeed an excise tax under § 541(a)(8)(E), or some other type of payment obligation. 4 Collier on Bankruptcy ¶ 507.11[6] (Richard Levin & Henry J. Sommer eds. 16th ed. 2019).

The IRS cites *Sebelius* in support of its argument that the SRP is an excise tax entitled to priority status. However, *Sebelius* did not (specifically) address whether the SRP was an excise tax. In fact, the Supreme Court did not even go so far as to label the SRP a true tax. Instead, the Court held only that the payment "may reasonably be characterized as a tax," such that its

4

imposition by Congress passes constitutional muster under the Taxing Power. *Sebelius*, 567 U.S. at 574. Even construing the holding as defining the SRP as a "tax," *Sebelius* still does not resolve the question here: whether the SRP is an *excise* tax.

The Ninth Circuit has generally defined an excise tax as one "imposed on the performance of an act…or the enjoyment of a privilege." *U.S. v. 432 Mastercases of Cigarettes, More or Less*, 448 F.3d 1168, 1185 (9th Cir. 2006). Typical examples of excise taxes are sales taxes, estate and gift taxes, gasoline and special fuel taxes, and wagering and truck taxes. 4 Collier on Bankruptcy ¶ 507.11 [6] (16th ed. 2019). To determine whether a claim qualifies as an excise tax for bankruptcy purposes, the Ninth Circuit developed a four-part test. A payment is an excise tax if it is: (1) an involuntary pecuniary burden, regardless of name, laid upon individual or property; (2) imposed by or under the authority of the legislature; (3) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of the state. *In re Lorber Industries of Cal. Inc.*, 675 F.2d 1062, 1066 (9th Cir. 1982) ("*Lorber I*"); *see also In re Lorber Industries of Cal.*, 564 F.3d 1098, 1101 (9th Cir. 2009) ("*Lorber II*") (stating that the test articulated in *Lorber I* was created "to determine if a claim qualified as an excise tax.") In 2004, the Ninth Circuit added a fifth element to the *Lorber* test, holding that if a private creditor similarly situated to the government can be hypothesized under the relevant statute, the claim cannot be considered an excise tax. *In re George*, 361 F.3d 1157, 1162 (9th Cir. 2004).

Neither party disputes that the SRP is a pecuniary burden, but disagree as to whether it is a penalty or an excise tax. Thus, the first *Lorber* element is satisfied. The SRP is imposed by Congress, so the second element is also satisfied. The third element is also satisfied, as the SRP defrays expenses to the government and/or its undertakings in administering the Affordable Care

5

Act. The fourth element is satisfied, as the Supreme Court held in *Sebelius* that the SRP is constitutional under the taxing power. *See* 567 U.S. at 574. Finally, since the SRP is strictly a function of federal statute, a private creditor cannot be hypothesized who is similarly situated to the IRS. So, the fifth element, discussed in *George*, is satisfied. Therefore, the SRP is an excise tax under 11 U.S.C. §507(a)(8)(E).

### C. Although the SRP is an Excise Tax, it is not a tax on a "Transaction."

As stated above, § 507(a)(8)(E)(i) and (ii) allow priority status for an excise tax imposed "*on a transaction* occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of filing the petition," or "if a return is not required, *a transaction* occurring during the three years immediately preceding the date of the filing of the petition." (emphasis added). Like the terms "excise" and "excise tax," the Bankruptcy Code does not define the term "transaction." Therefore, courts must look to other sources to determine the term's ordinary meaning. *Ransom v. FIA Card Services, N.A.*, 562 U.S. 61, 69 (2011).

The SRP arises out of a taxpayer's choice to *not* do something (the choice to not maintain minimum health care coverage). The Supreme Court has recognized the unique nature of the SRP and its imposition, pointing out that the payment is one "that the Federal Government imposes for an *omission*, *not an act*." *Sebelius*, 567 U.S. at 572 (emphasis added). Debtors argue that the $ 977 portion of the IRS' claim is not entitled to priority because the SRP is not imposed "on a transaction," as required under § 507(a)(8)(E)(i). Rather, they contend that it arises from a taxpayer's decision *not* to engage in the transaction otherwise required by 26 U.S.C. § 5000A.

In response, the IRS contends that the excise tax is imposed on a transaction, relying on the Ninth Circuit's decision, *In re DeRoche*, 287 F.3d 751, 756 (9th Cir. 2002). *DeRoche*

considered whether an employer's obligation to reimburse the Arizona Workers Compensation "Special Fund" constituted an excise tax under § 507(a)(8)(E) entitled to priority status. Under Arizona law, "an employer who has failed to carry insurance is required to reimburse the Special Fund for compensation paid to an injured employee . . . " *Id*. at 753. The Ninth Circuit held that the Special Fund's reimbursement claim was an "excise tax" and "on a transaction," thus entitling it to priority treatment under § 507(a)(8)(E). *Id.*

In *DeRoche*, the reimbursement obligation at issue did not arise simply because the employer failed to carry the requisite insurance as it does in this case. It arose because the employer failed to do so *and* one of its employees was injured during that time, thereby giving rise to an obligation to reimburse the Special Fund. The "transaction" in *DeRoche* was not merely the employer's failure to obtain insurance. The *DeRoche* Court identified no less than 6 events, it characterized as "resulting in the 'ultimate assessment of the excise tax'" by the special fund. *Id.* at 755. Further, the Ninth Circuit made clear that its holding in *DeRoche* was limited to "worker's compensation as it operates in Arizona." *Id.* at 757, n. 3. This Court declines to construe the holding in *DeRoche* beyond its expressly stated limitations.

While the Ninth Circuit has yet to explicitly define the term "transaction" as used in § 507(a)(8)(E)(i) and (ii), it has reasoned that "the failure to make the transaction of purchasing workers' compensation insurance (or applying for self-insured status)," does not satisfy § 507(a)(8)(E)(i)'s transaction requirement. *In re George*, 361 F.3d 1157, 1163 (9th Cir. 2004). The *George* Court explained:

> The Trust Fund claim against the Georges was not an exaction "on a transaction" the Georges made. Their only relevant transaction was hiring the employee who got injured, but hiring does not occasion a Trust Fund claim in California, and neither does an employee injury. *What occasions such a claim is the failure to make the transaction* of purchasing workers' compensation insurance (or applying for self-insured status). It is hard to squeeze the absence of a transaction, which triggers California Trust Fund

7

>liability, into the bankruptcy statute requirement of 'a transaction occurring during' the three years preceding bankruptcy.

361 F.3d at 1163 (emphasis added). In a later decision, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") noted, "[a]nd *George* teaches that the failure to obtain insurance—by analogy here, the end of Lorber's approved self-insured status—is not a 'transaction.'" *See Lorber III,* 373 B.R. at 670 (B.A.P. 9th Cir. 2007), *aff'd on other grounds*, 564 F.3d 1098 (9th Cir. 2009). *Lorber III*, 373 B.R. at 670. The IRS' position in this case is difficult to reconcile with *George* and *Lorber III*.

Other courts have concluded that the SRP is not an excise tax entitled to priority treatment under § 507(a)(8)(E) because the "transaction" element is not met merely by failing to do something. *See In Re Bailey*, 2019 WL 2367180, *6 (Bankr. E.D. N.C. May 24, 2019); *In Re Huenerberg*, 590 B.R. 862, 871 (E.D. Wis. 2018). In its briefing, the IRS urges the Court not to follow *Bailey* or *Huenerberg* because neither court applied the Ninth Circuit's *Lorber* test to determine whether the SRP was an excise tax. While it is true that neither case is controlling with respect to the determination of whether the SRP is an excise tax under *Lorber*, both *Bailey* and *Huenerberg* are persuasive with respect to the "transaction" requirement of § 507(a)(8)(E).

In *Bailey* and *Huenerberg*, the courts looked to dictionary definitions of the term "transaction" and determined that the term, as used in § 507(a)(8)(E), could not be used to encompass the SRP, which arises out of "inaction, deliberate or otherwise." *See Bailey*, 2019 WL 2367180, at *6 (quoting *Huenerberg*, 590 B.R. at 871). The Court finds the definition of "transaction" adopted by *Bailey* and *Huenerberg* both persuasive and consistent with the Ninth Circuit's decisions in *Lorber III* and *George*.

Reading *Lorber III*, *George*, *Bailey*, and *Huenerberg*, together, the Court finds that the term "transaction" cannot be read to capture the Debtors' "inaction, deliberate or otherwise." Indeed, here it was Debtors' "failure to make the transaction" required under 26 U.S.C. § 5000A,

8

that triggered their liability for the SRP (i.e. they did not purchase or otherwise acquire "minimum essential health care coverage."). Therefore, the Court concludes that while the SRP qualifies as an excise tax under the Ninth Circuit's *Lorber* test, it is not imposed on a transaction as required under § 507(a)(8)(E).

### D. The IRS' "Alternative" Argument

Prior to the hearing, the IRS filed a notice of Supplemental Authority, directing the Court to *Matter of Cousins,* 601 B.R. 609, 621 (Bankr. E.D. La. 2019). In its supplemental briefing, the IRS raised an "alternative" argument for the first time arguing that if the SRP does not qualify as an excise tax on a transaction under § 507(a)(8)(E), it is still entitled to priority status as a tax measured by income under § 507(a)(8)(A). In support of their alternative argument, the IRS cited *Matter of Cousins*, which held that because the SRP is not a direct tax or duty tax, it must be either an excise tax or income tax, either of which is entitled to priority status under 11 U.S.C. § 507(a)(8). 601 B.R. at 621. The *Cousins* Court held that because the SRP is based on an individual's income level, it "could" be an income tax if it does not qualify as an excise tax. *Id*. at 621. Having determined that the SRP is an excise tax under the *Lorber* test, there is no need for this Court to examine whether it may qualify as an income tax.[11]

Notably, if the Court were to consider this alternative argument, it would likely fail because IRS form 1040 indicates that the SRP is not an income tax. *See* Debtors' 2017 and 2018 Tax Returns. Form 1040 consists of 2 pages. It is divided into a series of sub-sections by headings on the left side of the page in bold. Within each of the defined sub-sections, there are individual numbers that correspond to information and line items. In total there are 78 lines.

---

[11] Further, the Court questions whether the IRS should be permitted to abandon its prior position and characterization of the tax as an excise tax without first amending its proof of claim, which it has not done.

9

Form 1040 begins with sub-section "Income" (Lines 7-22), then sub-section "Adjusted Gross Income" (Lines 23-37), before transitioning to sub-section "Tax and Credits" (Lines 38-56). At Line 43, "Taxable Income" the preparer is instructed to deduct line 42 from line 41. Line 44, "Tax" seems to correspond to line 43 and provide for the calculation of tax on income. Here, the tax at issue is addressed at Line 61, and states, "Health care: individual responsibility". It is included under sub-section, "Other Taxes." The IRS' distinction between income and "other taxes" on Form 1040, and the inclusion of the tax at issue in this case, under "other taxes" undermines any argument that the tax is premised or derived from "income." If the Court were to consider the alternative argument, the argument would not be persuasive.

The determinative factor regarding whether the SRP is entitled to priority treatment is whether the SRP is premised "on a transaction," as required under § 507(a)(8)(E). The SRP is neither premised on, nor tied to a transaction. To the contrary, it is the consequence of a failure to participate in a transaction. Therefore, the IRS' priority claim will be disallowed with respect to its $977 "excise tax" claims and the $977 will be allowed as an unsecured nonpriority claim.

For the reasons stated above, the Court will enter a separate order sustaining Debtors' Objection.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana